IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LEWIS EDWARD TURNER                                                              PLAINTIFF

V.                                                      CIVIL ACTION NO.  2:19-cv-17-KS-MTP

WILLIAM L. HERRINGTON, individually
as a deputy of Forrest County, Mississippi, and
FORREST COUNTY, MISSISSIPPI                                                      DEFENDANTS

**JURY TRIAL DEMANDED**
**COMPLAINT**

The Plaintiff, Lewis E. Turner files this Complaint against the Defendant, William L. Herrington, individually as a deputy for Forrest County, Mississippi, and Forrest County, Mississippi and presents the following in support:

**PARTIES**

1.  The Plaintiff, Lewis E. ("Eddie") Turner, is an adult resident citizen of Forrest County, Mississippi his address being 333 Old River Road, Petal, Mississippi 39465.

2.  Upon information or belief, the Defendant William L. Herrington ("Herrington"), is an adult resident citizen of Jones County, Mississippi who may be served with process at his residence, 2226 Mill Creek Rd., Laurel, MS 39443.

3.  The Defendant, Forrest County, Mississippi, is a political subdivision of the State of Mississippi and may be served with process upon its Chancery Court Clerk at 641 North Main Street, Hattiesburg, Mississippi 39401. Pursuant to the Mississippi Tort Claims Act, Forrest County is personally liable for the acts of Herrington while he was acting in course and scope of

1

his employment as a deputy of Forrest County, Mississippi. Forrest County is only being named sued pursuant to the Mississippi Tort Claims act at this time.

## JURISDICTION

4. This action is brought pursuant to 42 USC §1983, 42 USC §1988, the 4th and 14th Amendments to the United States Constitution, as well as all corresponding sections of the Mississippi Constitution. Original Jurisdiction is founded upon and the previously mentioned statutory and constitutional provisions. The Plaintiff has suffered deprivation of certain Federal Constitutional rights, as applied to the States through the Due Process Clause of the 14th Amendment to the United States Constitution, which include, but are not limited to, the right to be free from the excessive use of force, the right to be free from unreasonable seizures, and the right to be free from deprivations of life and liberty that occur without due process of law. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under State law against the Defendants. The state law claims include, but are not limited to, excessive force and false arrest under the Mississippi Tort Claims Act.

5. At all relevant times hereto Herrington acted under color of state law and in his capacity as deputy of Forrest County, Mississippi and by the authority granted to him as a law enforcement officer for Forrest County, Mississippi. At all times Herrington's actions were in violation of clearly established law, objectively unreasonable, and committed with deliberate indifference against the Plaintiff.

6. The Defendant Forrest County is personally liable for any acts committed by Herrington which violate the Mississippi Tort Claims Act and is sued only for that claim.

**VENUE**

7.     Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and 1393 (a) as the Plaintiff and at least one Defendant reside in this District and all the claims asserted arose in this District.

**FACTUAL ALLEGATIONS**

8.     On April 3, 2018, Herrington, was dispatched to a "civil standby". He met the reporting party, Laekyn Odom, at Old River Road and Sims Road. Laekyn Odom was a 17-year-old female who lived with her parents[1], the Plaintiff and Angela Turner. Laekyn had a 2-month-old son who also lived with the Plaintiff and Angela. The Plaintiff and Angela took care of the baby so that Katelyn could continue to go to high school and graduate. Laekyn falsely stated to Herrington that her mother and the plaintiff refused to return her 2-month-old son to her. Herrington then followed Laekyn and her friend to her parent's house located at 333 Old River Road. Herrington was also accompanied by another deputy identified only as "John" in the police report.

9.     When they arrived at the Turner residence, "John" went to the front door and Herrington went to the side door located under a car port. Herrington knocked on the door and the Plaintiff came out. Herrington asked for his name and the plaintiff confirmed his identity and that he was the step-grandfather. Herrington asked Mr. Turner if the 2-month-old child was there in his custody. The Plaintiff confirmed the baby was there. In fact, at that same time, the deputy identified only as "John" in the police report had retrieved the baby from the Plaintiff's wife and had returned the baby to Laekyn without incident. The Plaintiff advised Herrington that nothing was going on which necessitated police involvement. The Plaintiff turned to walk back inside his

---

[1] Plaintiff is Laekyn's Step-father.

house. Herrington asked the Plaintiff "what did you say to me?" As the Plaintiff turned around to speak to Herrington, Herrington shot him in the chest with a X26 taser. The plaintiff, who was 60 years old at the time, fell to the concrete and busted open his head. As he was lying on the ground incapacitated, Herrington rolled him over on his back, ripped off the taser prongs, and deployed another taser shot into the plaintiff's chest. The Plaintiff's youngest daughter witnessed Herrington's attack on her father. The Plaintiff was ultimately charged with "failing to comply".

10. The plaintiff received medical treatment at Forrest General Hospital for multiple abrasions, multiple contusions, a concussion and a fractured. He continues to suffer from headaches and other mental and emotional issues.

11. The plaintiff hired an attorney to defend him on the unjustified charge incurring $2,500 in attorney fees. The trial was set for September 19, 2018. However, Herrington failed to come to court and the charge was dismissed. The charge was later expunged.

**FIRST CAUSE OF ACTION: VIOLATION OF THE MISSISSIPPI TORT CLAIMS ACT**

12. Plaintiff asserts that Herrington's actions are in violation of Mississippi Code Ann. (1972) § 11-46-1, *et seq.,* as they were committed with reckless disregard to the safety and well-being of the Plaintiff, violative of Article III § 23 of the Mississippi Constitution, and constituted the common law torts of false arrest and the use of excessive force.  As Herrington was acting in the scope and course of his employment with Forrest County, Forrest County is liable for his actions.

**SECOND CAUSE OF ACTION: UNCONSTITUTIONAL USE OF EXCESSIVE FORCE AND ILLEGAL SEIZURE PURSUANT TO 42 U.S.C. §1983**

13. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

14. Pursuant to the 4th and 14th Amendments to the United States Constitution, Herrington was prohibited from using excessive force in his efforts to search, detain, and/or seize the Plaintiff.

15. Herrington's actions constituted excessive and unlawful force and illegal seizure in violation of the Plaintiff's constitutional rights under the 4th and 14th Amendments and under the guarantees set out in 42 U.S.C. §1983. The Plaintiff was on his own property and was committing no crime when Herrington tasered him. These actions were taken against a citizen who was arrested for "failing to comply" and who posed no threat to Herrington or any other person. Herrington's subsequent use of the taser while the Plaintiff was lying on the ground incapacitated posing no threat or resisting arrest or acting in a noncompliant manner also constituted the use of excessive force. Herrington's actions violated clearly established law, were objectively unreasonable, and were committed with deliberate indifference to the Plaintiff.

16. As a direct and proximate result of the above described actions by Herrington the Plaintiff's constitutional rights were violated and he has suffered physical and emotional damages.

## DAMAGES

17. The Plaintiff has suffered physical and emotional damages, and continues to do so, as a result of Herrington's actions. The Plaintiff has incurred medical expenses due to the Herrington's actions. The Plaintiff has also had to retain the services of an attorney to defend him against the false charge. The Plaintiff has also suffered lost wages due to Herrington's actions.

## **PRAYER FOR RELIEF**

The Plaintiff, Lewis Edward Turner, respectfully prays for the following relief:

A.     Compensatory damages of, from and against the Defendants, in amount to be determined by this Court.

B.     Punitive damages of, from and against the Defendant Herrington in an amount to be determined by this Court.

C.     Payment of medical expenses.

D.     Payment of all property and financial losses.

E.     Payment of attorney's fees totaling $2,500.00 from September criminal trial;

F.     Reasonable attorney's fees and all costs of this court.

G.     Pre and post judgment interest.

H.     Such other general and special relief as appears reasonable and just in this cause.

Respectfully submitted this the 4th day of February 2019.

                                         Respectfully submitted,
                                         LEWIS EDWARD TURNER


                     BY:    */s/ Charles R. Mullins*
                                CHARLES R. MULLINS


CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi  39215-1337
Telephone: (601) 948-1600
Cmullins@coxwelllaw.com